IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William C. McKennedy, III, #256024, ) | |
| ) | |
| Petitioner, ) | C.A. No. 6:06-641-HMH-WMC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Mr. Faulkenberry; Attorney General ) | |
| of the State of South Carolina, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] William C. McKennedy, III ("McKennedy") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Catoe recommends granting the Respondents' motion for summary judgment and denying McKennedy's motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

McKennedy is currently incarcerated at Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In June 1998, McKennedy was indicted for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

distribution of crack cocaine. (PCR Appendix 185-86.) The case was called for trial on February 3, 1999. (Id. 2.) Greg Newell ("Newell") represented McKennedy at his pretrial proceedings. On February 3, 1999, after the trial court ruled on several pretrial motions, McKennedy decided to plead guilty. (Id. 14.) After pleading guilty, the trial court sentenced McKennedy to 18 years' imprisonment. (Id. 39.) McKennedy appealed his conviction and sentence.

Aileen P. Clare ("Clare") represented McKennedy on appeal and filed an Anders brief raising the issue of whether the "trial court abused its discretion in denying [McKennedy's] pre-trial motion for a continuance." (Anders Brief 3.) The South Carolina Court of Appeals affirmed McKennedy's conviction on March 2, 2000. Clare filed a request for rehearing, which was denied on May 11, 2000. Clare filed a petition for writ of certiorari in the South Carolina Supreme Court on June 27, 2000, asserting the following issues: (1) whether "direct appeal to the court of appeals under Anders v. California satisfies the procedural requirements of Matthews v. Evatt;" and (2) whether the "trial court abused its discretion in denying [McKennedy's] pre-trial motion for a continuance." (Petition. 2.) After briefing and oral argument, the South Carolina Supreme Court affirmed McKennedy's conviction. (PCR Appendix 165-73.)

McKennedy filed a pro-se application for post-conviction relief ("PCR") on October 10, 2002, which was dismissed on January 30, 2004. (Id. 41-42.) In his PCR application, McKennedy alleged ineffective assistance of counsel; involuntary guilty plea; coerced plea; "misdirection of attorney, solicitor, and judge;" prosecutorial misconduct; and conflict of interest by Newell. (Id.) Hugh M. Claytor ("Claytor") represented McKennedy on appeal

2

and filed a petition for writ of certiorari on August 17, 2004, which the South Carolina Supreme Court denied on October 6, 2005. Claytor argued that the circuit court erred in not allowing McKennedy to amend his pleadings at the PCR hearing and in not allowing McKennedy to question witnesses about Newell's definite suspension from practicing law. The South Carolina Supreme Court denied McKennedy's petition for rehearing on November 17, 2005. On December 8, 2005, McKennedy filed the instant petition pursuant to § 2254.[2]

In his petition, McKennedy raised four grounds: (1) ex post facto violations because he was convicted of a parolable offense, but after he was convicted, the SCDC designated the offense a non-parole offense, and he lost some of his earned work credits ("EWC"); (2) the court lacked subject matter jurisdiction to convict him because the indictment was invalid; (3) the "identification procedure was in violation of the 5th and 14th Amends of the U.S. Constitution;" and (4) ineffective assistance of trial and appellate counsel.

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommended granting the Respondents' motion for summary judgment because (1) McKennedy's ex post facto argument is procedurally barred and fails on the merits as McKennedy was sentenced to a no-parole sentence, and "the only change by the SCDC was to correct an incorrect parole eligibility designation;" (2) McKennedy's subject matter jurisdiction claim is an issue of state law that is not cognizable in a federal habeas case; (3) the trial judge appropriately applied the law in evaluating the identification procedure; and

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

3

(4) McKennedy's ineffective assistance of counsel claims are without merit and further, McKennedy voluntarily pled guilty.

### III. DISCUSSION OF THE LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the

record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering the motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254 (2006). Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," McKennedy has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'[a] federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [McKennedy's] habeas petition, [the court] must conclude that

the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections to the Report and Recommendation

McKennedy filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of McKennedy's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. McKennedy raised numerous non-dispositive objections to the factual and procedural history section in the Report and Recommendation, which the court will address no further. However, the court was able to glean three specific objections. McKennedy specifically objects to the Magistrate Judge's conclusions that McKennedy's ex post facto claim fails on the merits; (2) that the identification procedure did not violate his constitutional rights; and (3) that McKennedy's ineffective assistance of counsel claims are without merit. Further, McKennedy alleges that the Magistrate Judge did not address McKennedy's prosecutorial misconduct claim and "other" issues that he raised in his filings.

1. Ex Post Facto Claim

McKennedy argues that some of his EWCs were removed and his sentence changed to a no-parole sentence without notice, a hearing, and judicial review, which constitutes an ex post facto and due process violation. This contention is without merit. S.C. Code Ann. § 24-13-100 defines a "no-parole offense" as a "class A, B, or C felony or an offense exempt from classification as enumerated in section 16-1-10(d), which is punishable by a maximum term of imprisonment for twenty years or more." McKennedy was convicted of distribution of crack cocaine, second offense, which is a no-parole offense. State v. Mills, 602 S.E.2d 750, 751 n.1 (S.C. 2004); S.C. Code Ann. § 44-53-375; (PCR Appendix 13, 183).

McKennedy was notified by the SCDC Division of Classification and Inmate Records that he had received more EWCs than permitted for a no-parole offense under the 1995 Crime Bill, effective January 1, 1996, prior to his conviction. S.C. Code Ann. § 24-21-560 requires that McKennedy serve 85% of his sentence. Further, pursuant to S.C. Code Ann. § 24-13-230(B), McKennedy cannot earn more than 6 EWCs per month or 72 EWCs per year. These statutes were in place prior to McKennedy's conviction and sentence. Therefore, McKennedy was never entitled to earn EWCs at a different rate, and he was sentenced to a no-parole offense. Hence, this objection is without merit as there was no ex post facto or due process violation when the SCDC corrected McKennedy's EWCs to comply with the 1995 Crime Bill under which McKennedy was sentenced.

2. Identification Procedure

McKennedy objects to the Magistrate Judge's conclusion that the admission of identification evidence did not violate clearly-established federal law. It is clearly-established

7

federal law that the Due Process Clause affords the accused the right to exclude identification testimony that results from unnecessarily suggestive procedures that may lead to an irreparably mistaken identification. Neil v. Biggers, 409 U.S. 188, 198 (1972). Evaluating the identification procedure is a two-step process. "First, the court must consider whether the identification procedure is unnecessarily suggestive." Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997). "A procedure is unnecessarily suggestive if a positive identification is likely to result from factors other than the witness's own recollection of the crime." Id. (internal quotation marks omitted). Second, the Court must "look at [five] factors to determine if the identification testimony is nevertheless reliable under the totality of the circumstances." Id. The five factors are: "[i] the opportunity of the witness to view the accused at the scene of the crime, [ii] the witness's degree of attention, [iii] the accuracy of the witness's prior description of the accused, [iv] the level of certainty demonstrated by the witness at the confrontation, and [v] the length of time between the crime and the confrontation." Id.

McKennedy alleges that the officer who identified him only saw him for 2 to 3 minutes and that "he was given a picture with my name beside it." (Objections 14.) McKennedy argues that it was impossible for the officer to identify him in this time frame. (Id.) The officer identified McKennedy in court and testified that he learned McKennedy's identity after the first buy was made on March 17, 1998. (PCR Appendix 9-10.) The officer was shown a picture of McKennedy after the first buy and identified him as the seller. (Id. 11.) The trial judge found

> . . . from the totality of the circumstances, having considered the opportunity of this witness to view the accused, considering the witness's degree of attention, considering the level of certainty demonstrated by the witness as to his

> identification concerning the length of time between the buy itself and the time he identified him, I find from the totality of the circumstances, I would allow the in-court identification.

(PCR Appendix 12.)  Based on the foregoing, the court finds that the trial court's decision is not contrary to clearly-established federal law, and the decision was not unreasonable.  The trial judge considered all of the factors in determining whether the identification evidence was reliable.  Further, there is no evidence that the identification procedure was unnecessarily suggestive.

### 3.  Ineffective Assistance of Counsel

McKennedy specifically objects to some of the Magistrate Judge's conclusions regarding his ineffective assistance of counsel claims.   In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, McKennedy must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, McKennedy must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

McKennedy alleges that Beattie Ashmore ("Ashmore"), who represented him prior to Newell's appointment, was constitutionally ineffective because he sent a letter to the solicitor's office "stating that, even if the Solicitor's assertions were all correct and [McKennedy] was

9

guilty of the charges, he was nothing more than a low-level street dealer." (Appendix 120.) Ashmore testified that he sent this letter in an effort to obtain a reduction in the charges against McKennedy. (Id.) McKennedy demanded new counsel, arguing that the letter was disparaging and admitted that he was drug dealer. (Id.) Newell was appointed to represent McKennedy. (Id.) McKennedy has failed to present any evidence concerning how he was prejudiced by Ashmore's letter to the solicitor's office. The letter was sent prior to Newell's representation of McKennedy and McKennedy's decision to plead guilty. Therefore, this argument is without merit.

McKennedy further argues that Newell was constitutionally ineffective for failing to object to the trial court's failure to grant his pre-trial motion for a continuance. (Objections 2-3.) McKennedy raised the issue of whether the trial court abused its discretion in granting the motion for continuance in McKennedy's direct appeal. The Supreme Court of South Carolina held that McKennedy had waived this argument by pleading guilty. Further, the South Carolina Supreme Court held that McKennedy "made no showing that any evidence could have been introduced if he had more time to prepare for trial." (PCR Appendix 171-72.)

In his objections, McKennedy has made conclusory allegations that Newell did not adequately investigate potential witnesses. However, McKennedy has failed to identify any specific witnesses (other than his girlfriend, who was present to testify at trial) or any favorable evidence any other witnesses would offer. Based on the foregoing, McKennedy has failed to show that Newell was constitutionally ineffective in failing to object to the trial judge's denial of the motion for continuance. Newell made the motion for the continuance and argued why the continuance should be granted. Newell had no reason to object to the

denial of the motion to continue. Moreover, McKennedy has failed to show how he has been prejudiced by the trial court's denial of the motion for continuance.

Further, McKennedy alleges that Newell was operating under a conflict of interest because McKennedy was charged in another case with pointing and presenting a firearm, and Newell had represented the victim of the firearms charge in a separate case. However, the firearms charge against McKennedy was dropped. The Supreme Court "has explained that to succeed on a conflict of interest claim, a petitioner must establish that his counsel actively represented conflicting interests, and that this conflict adversely affected his counsel's performance. Vinson v. True, 436 F.3d 412, 418 (4th Cir. 2006) (internal quotation marks omitted). Newell testified at the PCR hearing that there was no conflict once the firearm charge was dropped. The PCR judge found that "there was no conflict in attorney Greg Newell's representation of [McKennedy]. Prior representation of a victim in another case would not amount to a conflict in [McKennedy's] case." (PCR Appendix 123.) McKennedy has failed to show an actual conflict, much less a conflict that adversely affected him. The court finds that the PCR judge's decision was neither contrary to clearly-established federal law nor unreasonable.

McKennedy submits that his appellate counsel was constitutionally ineffective for failure to raise viable issues on appeal, including "identification, ex post facto, subject matter jurisdiction, ineffective assistance of counsel, prosecutorial misconduct, involuntary plea, conflict of interest, coerced plea . . . ." (Objections 17.) This argument is wholly without merit.

11

> When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

Gray v. Geer, 800 F.2d 644, 646 (7th Cir. 1986). After review of the record, the court finds that appellate counsel did not fail to present significant and obvious issues on appeal. McKennedy's identification, ex post facto, subject matter jurisdiction, and conflict of interest claims are without merit. Moreover, McKennedy has failed to produce any evidence to support his argument that his plea was involuntary. (Appendix 123-24.) The PCR judge found that McKennedy's plea was voluntary, and the court finds that the PCR judge's decision did not violate clearly-established federal law. Based on the foregoing, McKennedy's claim that his appellate counsel was constitutionally ineffective is without merit.

### 4. Prosecutorial Misconduct and "Other" claims

After review of McKennedy's objections, McKennedy has raised a prosecutorial misconduct claim alleging that the prosecutor misled the trial court about the number of times McKennedy's case had been called to trial. (Objections 2, 6.)

"A habeas court reviews claims of prosecutorial misconduct to determine whether the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process." Lyons v. Lee, 203 F. Supp. 2d 512, 552 (M.D.N.C. 2002) (internal quotation marks omitted). McKennedy voluntarily pled guilty, and there is no evidence that the prosecutor's representation about the number of times McKennedy's case had been called to trial had any impact on McKennedy's decision to plead guilty. The prosecutor testified at

12

the PCR hearing that he would not have knowingly misled the trial court concerning the number of times the case was called to trial. Based on the foregoing, this claim is without merit.

Moreover, McKennedy alleges that the state courts and the Magistrate Judge have failed to address other claims that he has raised in his pleadings. The court is unable to discern any other claims. However, after a review of the entire record, the court finds that the decisions of the state courts related to McKennedy's direct appeal and PCR action are neither in violation of clearly-established federal law nor unreasonable. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Catoe's Report and Recommendation.

It is therefore

**ORDERED** that the Respondents' motion for summary judgment, docket number 14, is granted, and McKennedy's motion for summary judgment, docket number 23, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 12, 2007

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

13